## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **BRENDA LOUISE WEATHERLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:11-00926** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. By Standing Order entered November 18, 2011 (Document No. 3.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Neither party has filed briefs in the matter.

The Plaintiff, Brenda Louise Weatherly, (hereinafter referred to as "Claimant"), filed an application for SSI on August 29, 2007 (protective filing date), alleging disability as of April 1, 2007, due to "[G]raves disease and fibromyalgia." (Tr. at 15, 48-68, 79, 86.) The claim was denied initially and upon reconsideration. (Tr. at 38-40, 43-45.) On May 13, 2008, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 47.) The hearing was held on March 12, 2009, before the Honorable Robert S. Habermann. (Tr. at 695-726.) By decision dated July 7, 2009, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 15-31.) The ALJ's decision became the final decision of the Commissioner on September 14, 2011, when the Appeals Council denied Claimant's request for review. (Tr. at 5-9.) Claimant filed the present action seeking judicial

review of the administrative decision on November 18, 2011, pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2009). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2009). The Commissioner must show two things: (1) that the

claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Those sections provide as follows:

> *(c) Rating the degree of functional limitation.* (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.
> (2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors we consider when we rate the degree of your functional limitation.
> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 12.00C of the Listings of Impairments.
> (4) When we rate the degree of limitation in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two,

> three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).[1] Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3). The Regulation further specifies how the findings and conclusion reached in applying the technique must be documented at the ALJ and Appeals Council levels as follows:

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, provides that affective disorders, including depression, will be deemed severe when (A) there is medically documented continuous or intermittent persistence of specified symptoms and (B) they result in two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation , each of extended duration or (C) there is a medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms currently attenuated by medication or psychosocial support and (1) repeated extended episodes of decompensation; (2) a residual disease process resulting in such marginal adjustment that a minimal increase in mental demands or change in the environment would cause decompensation; or (3) a current history of 1 or more years' inability to function outside a highly supportive living arrangement, and the indication of a continued need for such an arrangement.

> At the administrative law judge hearing and the Appeals Council levels, the written decision issued by the administrative law judge and the Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the application date, August 29, 2007. (Tr. at 17, Finding No. 1.) Under the second inquiry, the ALJ found that Claimant suffered from "Grave's disease, lumbar degenerative disc disease, status post right rotator cuff tear with repair, fibromyalgia, depression and anxiety," which were severe impairments. (Tr. at 17, Finding No. 2.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 23, Finding No. 3.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform light level work as follows:

> [S]he retains the ability to lift up to 20 pounds occasionally; carry up to 20 pounds occasionally and up to 10 pounds frequently; sit 7 hours in an 8-hour workday, but only 4 hours without interruption; stand 6 hours in an 8-hour workday, but only 3 hours without interruption; walk 5 hours in an 8-hour workday, but only 2 hours without interruption; with right hand, she can occasionally reach (overhead) and frequently reach (all other), handle, finger, feel and push/pull; with the left hand, she can frequently reach (overhead and all other), handle, finger, feel and push/pull; frequently use feet for operation of foot controls; frequently balance, stoop and kneel; occasionally climb stairs and ramps, ladders or scaffolds, crouch and crawl; never be exposed to unprotected heights; occasional exposure to moving mechanical parts; frequent exposure to operating a motor vehicle, humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme cold, extreme heat, and vibrations; and could tolerate loud noise. Additionally, the [C]laimant has an 8th grade education, but can read and write at the 6th grade level. She has pain in her back and legs, hand and shoulder, she gets depressed and takes medication that has side effects, she doesn't sleep well so she gets fatigued, she has headaches and Grave's disease, and any combination of these would cause a moderate reduction in concentration, persistence and pace, defined as she would think about these things

> 10 to 20 seconds several times per hours, but she could immediately go back to task and would be able to complete a regular workday.

(Tr. at 25, Finding No. 4.) At step four, the ALJ found that Claimant had no past relevant work. (Tr. at 29, Finding No. 5.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a food preparation worker, food counter attendant, and dining room and cafeteria attendant, at the light level of exertion. (Tr. at 30, Finding No. 9.) On this basis, benefits were denied. (Tr. at 31, Finding No. 10.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on March 13, 1956, and was 52 years old at the time of the administrative hearing, March 12, 2009. (Tr. at 29, 48, 699.) Claimant had an eighth grade, or limited education and was able to communicate in English. (Tr. at 29, 79, 84, 700.) She had no past relevant work. (Tr. at 29, 80-81, 704.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence of record, and will discuss it below as it relates to the undersigned's findings and recommendation.

Claimant's Challenges to the Commissioner's Decision

Neither the Commissioner nor the Claimant filed briefs in this matter, and Claimant's Complaint fails to set forth any specific claims. Similarly, on her form "Request for Review of Hearing Decision/Order," Claimant did not state the bases upon which she requested that the Appeals Council review the ALJ's decision. (Tr. at 694.) Claimant stated only that the ALJ "failed to give proper weight to the credible evidence in demonstrating my disability." (Id.) The undersigned notes that Claimant was represented by counsel at all levels of review, including this appeal. As Claimant has not raised any specific arguments at this level of review, the undersigned additionally has reviewed the entire record to see if it comports with the substantial evidence standard.

Analysis.

The ALJ found that Claimant's Grave's disease, lumbar degenerative disc disease, status post right rotator cuff tear with repair, fibromyalgia, depression, and anxiety, were severe impairments. (Tr. at 17.) In assessing Claimant's residual functional capacity, the ALJ found that her mental impairments resulted in mild restrictions in activities of daily living and social functioning; moderate

restrictions in maintaining concentration, persistence, and pace; and no episodes of decompensation of extended duration. (Tr. at 24.) The ALJ clarified that the moderate limitations in maintaining concentration, persistence, and pace meant that she would think about things for ten to twenty seconds several times an hour, but immediately would return to task and was able to complete a regular workday. (Tr. at 25.) The ALJ acknowledged the treatment notes and opinions of Dr. Robertson, Claimant's treating psychiatrist; Dr. Brackenrich, Claimant's treating physician; Elizabeth Jennings, M.A., a licensed psychologist; Dr. Leizer, a reviewing state agency consultant; and Dr. Milan, a reviewing psychologist. (Tr. at 17-21, 27-29.) The ALJ gave substantial weight to the opinion of Dr. Leizer as his opinion was well supported by the evidence of record. (Tr. at 28.) He gave the opinions of Ms. Jennings, Dr. Brackenrich, Dr. Robertson, and Dr. Milan some weight. (Id.) Both Drs. Leizer and Milan found that Claimant's depression and anxiety were non-severe impairments. However, Dr. Milan found that the impairments resulted in no limitations of activities of daily living, social functioning, concentration, persistence, or pace, which the ALJ determined was more extreme than the evidence warranted. Thus, the ALJ found that Claimant was mildly to moderately limited in those areas. (Tr. at 24.) The opinions of Drs. Brackenrich and Robertson, as well as Ms. Jennings, were not supported entirely by the record. Though Claimant suffered from depression and anxiety, her conditions were treated and managed with medications. Dr. Robertson's mental status exams failed to reveal any issues except depression and anxiety. (Tr. at 266-74.) In assessing the opinion evidence, the ALJ properly considered the factors set forth in 20 C.F.R. § 416.927(d) (2009). Accordingly, the undersigned finds that the ALJ properly considered the opinion evidence in accordance with the Regulations and that substantial evidence supports the ALJ's decision.

Regarding Claimant's physical impairments, the ALJ likewise thoroughly summarized and discussed the medical and opinion evidence. He acknowledged the opinions of Drs. Craft, Alexander, Phillips, and McGuffin, who each opined that Claimant was capable of performing light exertional level work with additional limitations. (Tr. at 27-28.) The ALJ gave these opinions substantial weight as they were supported by the evidence of record. (Tr. at 28.) He also acknowledged the opinions of Drs. Brackenrich, Merva, and Branson, but assigned them only some weight. (Tr. at 28.) Dr. Brackenrich opined that Claimant was unable to perform work at any exertional level, which the ALJ found was inconsistent with the evidence of record, including the statement of the medical expert, Dr. Alexander. (Tr. at 29.) The ALJ properly accounted for Claimant's physical limitations when he reduced her ability to use her upper extremities; to walk, stand, or sit; to perform postural activities; and to be around environmental factors. (Tr. at 25.) The ALJ summarized all the physical medical evidence and the opinions of record. He assessed the opinions pursuant to the Regulations and the undersigned therefore, finds that the ALJ's decision is supported by substantial evidence.

Respecting the ALJ's opinion in its entirety, the undersigned finds that the ALJ thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 20-29.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of her pain and other symptoms, and that Claimant was limited to light work with certain limitations, and could perform a significant number of jobs in the national economy despite her severe impairments and having not worked.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **AFFIRM**

the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Senior Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: February 28, 2013.

R. Clarke VanDervort
United States Magistrate Judge